UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
CENTRAL DIVISION at LEXINGTON

CIVIL ACTION NO. 11-327-JBC

MARY JANE LAMB,                                                                    PLAINTIFF

V.                   MEMORANDUM OPINION AND ORDER

MICHAEL J. ASTRUE,
COMMISSIONER OF SOCIAL SECURITY,                                    DEFENDANT

\* \* \* \* \* \* \* \* \* \*

This matter is before the court upon cross-motions for summary judgment on Mary Lamb's appeal of the Commissioner's denial of her application for Supplemental Security Income ("SSI"). For the reasons below, the court will grant Lamb's motion (R. 12) in part and deny it in part, deny the Commissioner's motion (R. 15), and remand this case to the Social Security Administration for further consideration.

At the date of her application for SSI, Lamb was a 40-year-old woman. AR 18. She had a limited 10th-grade education and could communicate in English. AR 18, 30. Lamb alleged a herniated disc causing muscle deterioration in her right leg and diarrhea as disabling impairments. AR 142. Lamb had no past relevant work history, having not been employed since at least early 1993. AR 18, 31. She alleged disability beginning July 28, 2009, on her SSI application filed on February 8, 2010. AR 11, 121. The claim was denied initially on April 8, 2010, AR 52, and upon reconsideration on September 1, 2010. AR 52-53. After a

hearing on April 26, 2011, Administrative Law Judge ("ALJ") Don Paris determined that Lamb is not disabled as defined under the Social Security Act. AR 19. Under the traditional five-step analysis, *see Preslar v. Sec'y of Health & Human Servs.*, 14 F.3d 1107, 1110 (6th Cir. 1994); 20 C.F.R. § 404.1520, the ALJ determined that Lamb has not engaged in substantial gainful activity since the filing date of her SSI claim, AR 13; that she has severe impairments, including degenerative disc disease of the lumbar spine with chronic back pain with radiation into the right lower extremity, atrophy and early foot drop of the right lower extremity, and myelopathy of the lumbar region, *id*.; that her impairments or combination of impairments do not meet or equal a listing in the Listing of Impairments, AR 14; that she has the residual functional capacity ("RFC") to perform a restricted range of light level work, *id*.; that she has no past relevant work history, AR 18; and that, based on her RFC, jobs exist in significant numbers in the national economy that she can perform, AR 19. Thus, the ALJ denied her claim. *Id.* The Appeals Council denied Lamb's request for review on September 12, 2011. AR 1-3. Lamb then commenced this action.

     Lamb challenges the administrative decision on the grounds that: (1) the ALJ erred in his analysis of her disability claim under Section 1.04A of the Listing of Impairments by providing an inadequate explanation for his finding that she had not met the Listing requirements; and (2) the ALJ erred in rejecting the opinion of Dr. Dora Picon, her treating source. Under 42 U.S.C. § 405(g), the court's review is limited to determining whether the ALJ's findings are supported by substantial

evidence and whether the proper legal standards were employed. *See Cutlip v. Sec'y of Health & Human Servs.*, 25 F.3d 284, 286 (6th Cir. 1994). In this case, the ALJ found that Lamb did not meet the requirements of Section 1.04A of the Listing of Impairments concerning disorders of the spine, but his findings were not supported by substantial evidence.

The ALJ cited three reasons for his determination, but those reasons, singly or in combination, do not constitute substantial evidence for his finding. AR 14. The first was a July 2009 MRI scan of Lamb's lumbar spine which revealed a right paracentral disc protrusion touching the right S1 nerve root, but did not show spinal stenosis and showed that the neural foramina appeared normal with mild desiccation. AR 14, 176. However, the Listing section does not require a claimant to show spinal stenosis or abnormal neural foramina in order to meet it. Section 1.04A requires a claimant to initially demonstrate *"Disorders of the Spine* (e.g., herniated nucleus pulposus, spinal arachnoiditis, spinal stenosis, osteoarthritis, degenerative disc disease, facet arthritis, vertebral fracture) resulting in compromise of a nerve root (including cauda equina) or the spinal cord." 20 C.F.R. Part 404, Subpart P, Appendix 1 Section 1.04A. While spinal stenosis is listed as an example of an impairment which can be relied upon to meet the Listing, it is not the only example identified. Thus, the lack of spinal stenosis is not a sufficient reason for finding that the Listing was not satisfied.

As a second reason, the ALJ cited Dr. Picon's finding that Lamb could perform sedentary activities such as lifting up to 10 pounds, AR 414, as being

contradictory to a claim of being totally disabled by meeting Section 1.04A, AR 14. However, Dr. Picon did not just restrict Lamb to the full range of sedentary level work but also identified a number of non-exertional restrictions including limitations on standing, bending, squatting and twisting. AR 414. The restrictions identified by Dr. Picon were not presented to Betty Hale, the Vocational Expert ("VE") who testified at the administrative hearing. AR 44-48. In the absence of fully-informed vocational testimony, the record is unclear as to whether a significant number of jobs could still be performed under Dr. Picon's physical restrictions. Thus, the physical limitations imposed by Dr. Picon are not necessarily contradictory to a finding that Lamb was disabled and met the requirements of Section 1.04A and, therefore, this reason is also insufficient.

As a third reason, the ALJ stated that examining reports indicated Lamb was able to walk effectively without the use of an assistive device. AR 14. In addition to demonstrating a spinal disorder, a claimant is required to present "evidence of nerve root compression characterized by neuro-anatomic distribution of pain, limitation of motion of the spine, motor loss (atrophy with associated muscle weakness or muscle weakness) accompanied by sensory or reflex loss and, if there is involvement of the lower back, positive straight leg raising test (sitting and supine)" in order to meet Section 10.04A. 20 C.F.R. Part 404, Subpart P, Appendix 1 Section 1.04A. The Listing does not include a requirement that one need an assistive device to walk. Thus, this reason is also inadequate, and the ALJ's decision is accordingly not supported by substantial evidence.

A remand of the action for further consideration rather than an outright award of SSI is appropriate in this action.  Dr. Philip Tibbs recommended in September 2009 that Lamb undergo lumbar microdiscectomy.  AR 178.  This raises an issue as to whether Lamb's condition can be remedied by treatment.  An impairment which can be remedied by treatment will not serve as the basis for an ultimate finding of disability.  *See Harris v. Sec'y of Health & Human Servs.,* 756 F.2d 431, 436 n.2 (6th Cir. 1984).  However, the same result does not follow if the record is devoid of evidence that the claimant would have regained her residual functional capacity for work if the course of treatment were followed.  *Harris*, 756 F.2d at 436.  While Dr. Tibbs indicated that surgery was an option, he did not address whether Lamb would regain the full residual functional capacity to engage in work activity if surgery were attempted.  Thus, a remand of the action is proper to consider whether Lamb met the requirements of Section 1.04A.

Dr. Picon opined that Lamb met the requirements of Section 1.04A.  AR 423. The ALJ rejected this opinion.  AR 14.  Lamb argues that this rejection of the opinion of the treating source was not well supported and was therefore reversible error.  However, the finding of Dr. Picon goes to the ultimate issue of disability and such findings are reserved to the Commissioner. 20 C.F.R. § 416.927(e)(2).  Thus, the court finds no error on this issue and Dr. Picon's opinion does not provide a ground for an immediate award of SSI to Lamb.

The ALJ's decision not being supported by substantial evidence,

**IT IS ORDERED** that Lamb's motion for summary judgment, R 12, is **GRANTED** in part and **DENIED** in part and that the case is **REMANDED** to the Social Security Administration for further proceedings.

**IT IS FURTHER ORDERED** that the Commissioner's motion for summary judgment, R 15, is **DENIED**.

The court will enter a separate judgment.

Signed on September 27, 2012

JENNIFER B. COFFMAN, JUDGE
U.S. DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY